IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEAM PLAY, INC., P&P MARKETING, )
INC. and COSMODOG, LTD., )
)
      Plaintiffs, )
)
vs. ) No. 03 C 7240
)
STEPHEN W. BOYER D/B/A SKYBOY )
PRODUCTIONS and SKYBOY )
PRODUCTIONS, INC., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendant/counter-plaintiff Stephan W. Boyer moves for the entry of an order removing the "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" designation from documents produced in discovery by plaintiffs/counter-defendants Team Play, Inc. ("TP"), P&P Marketing, Inc. ("P&P") and Cosmodog, LTD. ("CD") (collectively, "Team Play"). Boyer is a citizen and resident of California. The Team Play entities are all Illinois corporations with their principal places of business in this district.

On August 20, 2004, I entered a Stipulated Protective Order in this case (the "Protective Order") which sets up two categories of documents which must be filed under seal, documents designated as containing "Confidential Information" and those containing "Highly Confidential Information." Both categories are subject to the usual restrictions regarding use for any purpose other than the purposes of the litigation, but those marked Highly Confidential Information

are subject to an additional stricture: they may only be disclosed to witnesses, and outside counsel, outside expert witnesses, outside consultants, and their respective staffs. Documents in the latter category are marked "Attorneys' Eyes Only" and the information they contain may not be disclosed to clients. Such two-tiered protective orders are relatively common, but they contemplate that the more restrictive category will only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures. Where a party's use of the Attorneys' Eyes Only designation is sweeping it can be a form of discovery abuse and result in the blanket modification of a protective order as well as the imposition of sanctions on the designating party. Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms. See *In re:Bank One Securities Litigation*, 222 F.R.D. 582 (N.D.Ill. 2004).

This case involves disputed claims of copyright and intellectual property in certain video games, and royalties allegedly owing in connection therewith. The party designations are somewhat misleading, since Team Play initiated this action by filing a complaint for a declaratory judgment of non-liability to Boyer for royalties beyond those already paid to him or his since dissolved company Skyboy Productions, Inc. ("Skyboy"). Boyer seeks

additional royalties from TP with respect to two games called "Police Trainer" and "Sharpshooter" (for which he claims that he or Skyboy has already been paid approximately $500,000 in royalties and development costs) plus royalties or damages with respect to a third video game called "Police Trainer 2." Boyer contends that Police Trainer 2 constitutes an unauthorized, infringing use of his intellectual property in "Police Trainer" and "Sharpshooter."

Team Play has marked 4173 document pages (out of some 6,000 pages produced) "Highly Confidential Attorneys' Eyes Only." The documents so marked include documents created in 1996 and 1997 and consist mainly of sales invoices for sales of the subject video games and documents relating thereto, purchase orders and sales orders, and accounting information, all of them relevant to Boyer's claimed damages. TP's response to Boyer's interrogatory regarding damages gives Boyer no substantive information, but merely references the documents stamped "Highly Confidential." If that designation is not removed, Boyer's counsel will be prohibited from discussing the damages aspect of his case with their client and Boyer will have no information on which to make an intelligent decision as to what a reasonable settlement figure might be.

In support of their position that the documents they seek to protect from disclosure should not be shared with Boyer, the TP entities make several arguments, only one of which requires discussion. TP claims that the "Highly Confidential Information

3

includes data on sales and costs which, in the hands of a competitor, could be used to their serious detriment; that Boyer has worked for or with some of their major competitors; that he has indicated a desire to reenter the video game industry; and that it is likely that, wittingly or unwittingly, Boyer might divulge some of the potentially damaging information to one of TP's competitors.

TP submits the declaration of Frank J. Pellegrini, president of Team Play, Inc. and vice president of P&P, who makes the above stated arguments in very general terms that are not convincing in view of Boyer's representations, made through his attorneys, that Boyer has not been involved in the video game industry since 1999; that he has no intention of reentering the industry; and that he is currently looking for full-time academic or computer design positions.

I agree with Boyer's arguments that by refusing to remove the highly confidential designation from the requested documents "Plaintiffs attempt to grossly skew the balance between Mr. Boyer's right to discover relevant information and Plaintiffs' privacy interests"; that Boyer is being compelled to "fly blind"; that TP is amply protected under the Protective Order by the restrictions and conditions attendant to the Confidential Information category; and that TP's position makes Boyer's litigation of the action unnecessarily costly. I would further point out that TP initiated this action, that judicial policy favors disclosure, and that once

4

this case goes to trial, the documents will become part of the public record in any event.

I note, however, that although his counsel have offered to have Boyer provide an affidavit or declaration as to his non-involvement in the video game industry and of his lack of intention to reenter the field, no such document has been filed. I grant Boyer's motion to remove the "Highly Confidential Attorneys' Eyes Only" designation from all documents produced by TP, on the condition that within 10 days from the date hereof he file a detailed statement under oath or subject to penalties for perjury in which he affirms the representations made by his counsel. Boyer will also remain subject to the other provisions of the Protective Order governing disclosure of "Confidential Information."

**ENTER ORDER:**

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: 1/31/        , 2005