IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEAM PLAY, INC., P&P MARKETING, )
INC., & COSMODOG, LTD., )
)
      Plaintiffs, )
)
v. ) No. 03 C 7240
)
STEPHEN W. BOYER, d/b/a SKYBOY )
PRODUCTIONS, )
)
      Defendant. )
)
v. )
)
SKYBOY PRODUCTIONS, INC., )
)
      Defendant. )
)
STEPHEN W. BOYER, )
)
      Counter-Plaintiff, )
)
v. )
)
TEAM PLAY, INC., P&P MARKETING, )
INC., & COSMODOG, LTD., )
)
      Counter-Defendants. )

## MEMORANDUM OPINION AND ORDER

Both sides have moved in limine for evidentiary rulings. The purpose of a motion in limine is to exclude inadmissible evidence that may confuse or prejudice a jury, but evidence should not be so excluded unless it would clearly be inadmissible on all potential grounds. *Middlebury Corp. v. Hussmann Corp.*, No. 90 C 2744, 1993 WL 151290 (N.D. Ill., May 7, 2003)("Evidentiary rulings should be

deferred until trial so that the questions of foundation, competency, relevancy and potential prejudice may be resolved in proper context."). The denial of a motion in limine does not preclude a party from objecting to any evidence at trial or from rquesting a limiting instruction. *Chesler v. Trinity Industries, Inc.*, No. 99 C 3234, 2002 WL 1822918 (N.D. Ill., August 8, 2002).

1. <u>Plaintiffs' motion to exclude evidence relating to the April 18, 1996 letter of Mr. Boyer</u>. The parties agree that Skyboy started to work on the development of a video shooting game for P&P in late 1995 pursuant to an oral agreement, that Mr. Boyer and Mr. Pellegrini were the only two participants to the discussions pursuant to which the agreement was reached, that Skyboy completed its work under the oral agreement, and that P&P made substantial payments to Skyboy in conformity with certain terms of the agreement. They disagree as to whether the oral agreement also contained a term requiring payment by P&P of "33.3% of any revenues collected by P&P through the sale of any ancillary products including, but not limited to, home video game rights, film rights and sequels."

Mr. Boyer testified in deposition that on April 18, 1996, feeling uncomfortable in the absence of a written agreement, he wrote and mailed a letter to Mr. Pellegrini outlining the terms of their oral agreement, which included the 33.3% royalty provision. Mr. Pellegrini denies that he ever received the letter. However,

Mr. Boyer seeks to testify to the mailing of the letter. He also wishes to adduce evidence, which plaintiffs have not disputed, that in 1997 his attorneys sent a copy of the April 18, 1996 letter to P&P's attorneys. Mr. Boyer did not retain a hard copy of the original letter, but testified that the hard drive of one of his computers contains three electronic copies of the letter, which of course are unsigned. Mr. Pellegrini never responded to the letter.

Plaintiffs argue for the exclusion of all evidence relating to the April 18, 1996 letter on the following grounds: 1) the letter is hearsay; 2) the letter does not fall within the exception to the hearsay rule for records of regularly conducted activity, because it was not made at or near the time of the events recorded but was written to "memorialize an unusual incident with the potential for future dispute"; 3) there are questions as to the letter's authenticity; and 4) the probative value of the letter is substantially outweighed by a danger of unfair prejudice.

Plaintiffs argue that the fact that there are differences between the three draft versions of the April 18, 1996 letter found on the hard drive of Mr. Boyer's computer is evidence of lack of authenticity of the document. I do not find that argument compelling in the face of Mr. Boyer's reasonable explanation that the differences are only in formatting, not substance, and are attributable to changes in his word processing programs over the years. Nor do I reach the question of its probative value being

outweighed by the possibility of unfair prejudice. However, Mr. Boyer contends that the oral contract between the parties was not made until an unspecified date in late 1995. Even if the contract was formed on the last day of 1995, the time lapse between the making of the contract and the drafting of the letter was almost four months. That is a sufficient period of time to remove it from any exception to the hearsay rule based upon a theory of spontaneous or contemporary utterance. Mr. Boyer contends that it is not hearsay because it is a contract and cites cases which have held that written contracts are not hearsay but verbal acts to which legal consequences attach. Most, if not all, of those cases, however, involve authenticated, contracts *signed* by the parties. None involved a subsequent *unilateral* communication made four months after the fact and containing a disputed term. The letter does not constitute a contract. It is therefore offered for the truth of the matter asserted in it and disputed by plaintiff, namely, the terms of an agreement. Mr. Pellegrini does not accuse Mr. Boyer of manufacturing evidence, nor do I, but in the present state of the record plaintiffs are entitled to exclude evidence of the April 18, 1996 letter. This does not rule out the possibility that, at trial, the letter might become admissible as a prior consistent statement, and I reserve ruling on that potential issue. Mr. Boyer, is of course, free to give testimony as to his version of the terms of the

agreement between P&P and Skyboy without mentioning the letter on his direct examination.

2. Plaintiffs' motion in limine to preclude defendants from asking Fred Heyman about alleged drug use is granted. Defendants do not even argue that they have evidence that Mr. Heyman either used drugs or that, if he did, they have reason to believe he was in any way impaired. Under defendants' theory, every witness in every case could be asked if he had ever used drugs. Without evidence that a particular witness' memory is impaired due to drug use, there is no basis for such questions.

3. Defendants' motions in limine 1, 9, 11, 12, 16, 17, and 18 are denied. All are moot.

4. Defendants' motion in limine to exclude the expert testimony of Ralph Oman is deferred until the pretrial conference. Some of his testimony will probably be admissible, but some clearly is not.

5. Defendants' motion in limine to bar witnesses with greater knowledge than Richard Troxel is denied. Plaintiffs do not intend to call a Mr. Bykowski, and that argument is therefore moot. Their motion in limine to bar Mr. Troxel from giving fact testimony or expert opinion is also denied. The extent of his testimony will be determined at trial, but defendants' arguments are insufficient to warrant an order barring any testimony.

6. Defendants' motion in limine to bar exhibit 22 on the ground that it is barred by FED. R. EVID. 408 is denied. There is no evidence that this letter was an attempt at compromise.

7. Defendants' motions in limine 7 and 8 are denied. The pleadings contradict defendants' assertions.

8. Consideration of defendants' motion in limine 10 is deferred until the pretrial conference.

9. Defendants' motions in limine 13, 14, and 15 are denied as moot in light of the exclusion from evidence of the letter on which the motions are based.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 5, 2005